IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DARLENE WILLIAMS,         §
        §
*Plaintiff,*         §
v.         §    C.A. NO.: 3:21-CV-2959
        §
FLUOR CORPORATION, AND FLUOR     §
FEDERAL GLOBAL PROJECTS, INC.     §
        §
*Defendants.*         §

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Fluor Federal Global Projects, Inc. ("FFGP" or "Defendant"),[1] files this Notice of Removal of the civil action filed against it by Darlene Williams, the Plaintiff, to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to the provisions of 28 U.S.C. §§ 1331, 1441, and 1446, *et seq*., on the basis of the following facts, which demonstrates the existence of federal question jurisdiction in this Court.

### I.   INTRODUCTION

1. This is the second time that this case has been removed to federal court. On December 7, 2020, Plaintiff Darlene Williams ("Williams") filed her Original Petition in the County Court at Law No. 5 of Dallas County, Texas, styled, *Darlene Williams v. Fluor Corporation*, Cause No. CC-20-05289-E. In the Original Petition, Williams alleged claims under the Texas Commission on Human Rights Act ("TCHRA") for disability, age, race/color, and national origin discrimination and retaliation. The Original Petition did not allege or purport to

---

[1] The First Amended Petition also names "Fluor Corporation" as a party defendant. Fluor Corporation is a sham defendant, as discussed below, and need not join the removal. *See Chambers v. HSBC Bank USA, N.A.* 796 F.3d 560, 564 (6th Cir. 2015) ("the consent of a defendant that has been fraudulently joined is not necessary."). FFGP denies that Fluor Corporation is a proper party with respect to any claims asserted by Plaintiff in the First Amended Petition. However, out of an abundance of caution, Fluor Corporation consents to the removal, subject to and without conceding that it is properly joined in this action.

allege claims under federal law.

2.        On December 20, 2020, FFGP filed a timely a Notice of Removal on the basis of diversity jurisdiction.  Specifically, the Notice of Removal alleged that Williams was a Georgia citizen and FFGP was a citizen of Delaware and South Carolina. It also asserted that Fluor Corporation, which Williams alleged had its principal place of business in Texas, was a Texas citizen, but was a "sham defendant" which could be disregarded for diversity purposes. The removed case was styled, *Darlene Williams v. Fluor Corporation and Fluor Federal Global Projects, Inc.*, Cause No. 3:30-cv-03750-E ("*Williams I*") and was assigned to United States District Judge Ada Brown.  On January 28, 2021, Williams filed a Motion to Remand, contending that Fluor Corporation was not fraudulently joined. [*Williams I*, Dkt. 9].  By Order dated April 26, 2021, the Court granted Williams' Motion to Remand, concluding that "[a]t this early stage of the proceedings, the Court cannot determine that there is absolutely no possibility Williams would be able to establish a TCHRA cause of action against Fluor Corp." [*Id.*, Dkt. 16]. Accordingly, the case was remanded to Dallas County Court at Law.  [*Id.*].

3.        After remand, on October 25, 2021, Plaintiff Darlene Williams ("Plaintiff") filed her First Amended Petition in the case (the "Amended Petition").  In addition to her original claims under the TCHRA, the Amended Petition added federal claims for disability, age, race/color, and national origin discrimination and retaliation under the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and Title VII of the Civil Rights Act of 1964 ("Title VII").  (*see* Index to State Court File ("Index"), Exhibit B).  Williams served a copy of the Amended Petition on FFGP on October 25, 2021 (*see* Index, Exhibit F). On November 22, 2021, FFGP filed its Original Answer to the Amended Petition (*see* Index, Exhibit H). Accordingly, Removal is timely under 28 U.S.C. § 1446(b).

## II.  GROUNDS FOR REMOVAL

**A.      Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331.**

4.      This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because the Amended Petition asserts claims arising under federal law, and this action may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441(a).

5.      This Court has original jurisdiction over claims arising under federal law.

6.      In the Amended Petition, Williams has raised claims based on 42 U.S.C. § 12112 (ADA), 29 U.S.C.  § 623(a) (ADEA), and 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a) (Title VII). (Amended Petition at ¶¶ 61-92).

7.      The federal question appears clearly on the face of William's Amended Petition and meets the well-pleaded complaint requirement.  *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 (1986).

## III.  REMOVAL IS PROPER

8.      Removal is proper because the Amended Petition asserts claims arising under federal law. Thus, this action may be removed to the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1441.

9.      Fluor Corporation hereby consents to removal pursuant to 28 U.S.C. §1446(b)(2)(A). By so consenting, Fluor Corporation does not admit that it is a proper party defendant to this action, and does not waive any applicable defenses or admit any of the allegations purportedly made against it in the Amended Petition.

## IV.  REMOVAL IS TIMELY

10.      **Service of Process:** Defendants FFGP and Fluor Corporation ("Defendants") were served with the Amended Petition on October 25, 2021 (*see* Index, Ex. Q, Certificate of Service).

11.     **Removal is Timely:** This Notice of Removal is filed within thirty (30) days of the date Defendants were served with the Amended Petition containing the new federal claims. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b). Although the district court remanded the first removal (*Williams I*) based on diversity of citizenship, Defendants are entitled to file a second removal because the Amended Petition reveals a new and different ground for removal (i.e., federal question jurisdiction) and, therefore, removal within 30 days of service of the Amended Petition is proper and timely. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489 (5th Cir. 1996).

## V.  THE PROCEDURAL REQUIREMENTS

12.     This action is properly removed to the United States District Court for the Northern District of Texas, Dallas Division, as the State Court Action is pending within this district and division. *See* 28 U.S.C. §§ 124(a)(1) and 1441(a).

13.     Under 28 U.S.C. § 1446(a) and the Northern District of Texas Local Rule LR 81.1, this Notice of Removal is accompanied by an Index to State Court File with the following documents, processes, pleadings, orders, and certificates attached thereto:

A.     The State Court Docket Sheet;

B.     Plaintiff's Original Petition, dated Dec. 7, 2020;

C.     Citation Issued for Fluor Federal Global Projects, Inc., dated Dec. 8, 2020;

D.     Citation Issued for Fluor Corporation, dated Dec. 8, 2020;

E.     Return of Service for Fluor Federal Global Projects, Inc., dated Dec. 21, 2020 (served Dec. 16, 2020);

F.     Return of Service for Fluor Corporation, dated Dec. 21, 2020 (served Dec. 16, 2020);

G.     Original Answer, dated Dec. 29, 2020;

H.     Defendants' Notice of Filing of Notice of Removal, dated Dec. 30, 2020;

I. Notice of Removal to Federal Court – c/o Fluor Corporation, dated Mar. 5, 2021;

J. Notice of Removal to Federal Court – c/o Matthew R. Scott, dated Mar. 5, 2021;

K. Notice of Removal to Federal Court – c/o Dennis P. Duffy, dated Mar. 5, 2021;

L. Order – Removal, dated Mar. 5, 2021

M. Order of Remand from Federal Court, dated Apr. 26, 2021;

N. Letter from Federal Court Regarding Order of Remand, dated May 11, 2021;

O. Plaintiff Designation of Expert Witnesses, June 1, 2021;

P. Reporter Certificate – Darlene L. Williams, dated July 27, 2021;

Q. Plaintiff's First Amended Petition, dated Oct. 25, 2021; and

R. Defendants' Answer to Plaintiff's First Amended Petition, dated Nov. 22, 2021.

14. Pursuant to 28 U.S.C. § 1446(d), Defendant is also promptly filing a written Notice of Filing Notice of Removal and a true and complete copy of this Notice of Removal with the Clerk of the County Court at Law No. 5, Dallas County, Texas, and Defendant is serving Plaintiff with copies of the same.

**VI. PRAYER**

WHEREFORE, Defendant prays that this Notice of Removal be deemed good and sufficient, and that Plaintiff's First Amended Petition be removed from the County Court at Law No. 5 of Dallas County, Texas, to the Northern District of Texas, Dallas Division. Defendant further prays that this Court accept jurisdiction of this action and that it be placed on this Court's docket for further proceedings as though it had originated in this Court and that the Court issue all necessary orders.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:  */s/ Dennis P. Duffy*
Dennis P. Duffy
Texas Bar No. 06168900
5051 Westheimer Road, 10th Floor
Houston, Texas  77056
Phone: (713) 425-7400
Fax: (713) 425-7700
dduffy@krcl.com

**ATTORNEY FOR DEFENDANTS**
**FLUOR FEDERAL GLOBAL PROJECTS, INC.**
**AND FLUOR CORPORATION**

By:  */s/ Stephen A. Cord*
Stephen A. Cord
Texas Bar No. 24105741
901 Main Street, Suite 5200
Dallas, Texas 75202
Phone: (214) 777-4200
Fax: (214) 777-4299
scord@krcl.com

**LOCAL COUNSEL FOR DEFENDANTS**
**FLUOR FEDERAL GLOBAL PROJECTS, INC. AND**
**FLUOR CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on November 24, 2021, via electronic notification and/or certified mail, return receipt requested upon the following counsel of record:

Matthew R. Scott
Scott Law Firm PLLC
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202

*/s/ Stephen A. Cord*
Stephen A. Cord